# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Harry D. Leinenweber | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 5698 | **DATE** | 2/28/2001 |
| **CASE TITLE** | Leonard Levy, et al vs. Chubb Corporation, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]   ENTER MEMORANDUM OPINION AND ORDER: Chubb Corporation's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(2) is granted, and its other motions are moot. Furthermore, Great Northern's motion to transfer is denied. Status hearing set for March 13, 2001 at 9:00 a.m.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | MAR 0 1 2001 | |
| | Notified counsel by telephone. | | date docketed | 21 |
| ✓ | Docketing to mail notices. | | cm | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| WAP | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

F I L E D

FEB 28 2001

Judge Harry D. Leinenweber
U. S. District Court

DOCKETED
MAR 0 1 2001

LEONARD LEVY and JACQUELINE LEVY,

        Plaintiffs,

v.

CHUBB CORPORATION d/b/a CHUBB GROUP OF INSURANCE COMPANIES, and GREAT NORTHERN INSURANCE COMPANY,

        Defendants.

Case No. 00 C 5698

Judge Harry D. Leinenweber

## MEMORANDUM OPINION AND ORDER

Plaintiffs Leonard and Jacqueline Levy (the "Levys") brought this action against the Chubb Corporation d/b/a Chubb Group of Insurance Companies ("Chubb Corporation") and Great Northern Insurance Company ("Great Northern") alleging breach of contract and tortious breach of duty to deal in good faith. Before the Court are two motions by Defendants. First, Chubb Corporation filed a motion to dismiss the case pursuant to FED. R. CIV. P. 12(b)(2), (4), and (6) for lack of jurisdiction over the person, insufficiency of process, and failure to state a claim upon which relief can be granted. Second, Great Northern filed a motion to transfer this case pursuant to 28 U.S.C. § 1404(a) to the United States District Court for the Northern District of Indiana, Hammond Division.

## BACKGROUND

Leonard and Jacqueline Levy currently reside in Indiana. Chubb Corporation is incorporated in New York and has its principal place of business in New Jersey. Great Northern Insurance Company is incorporated in Minnesota and has its principal place of business in Minnesota.

Leonard and Jacqueline Levy purchased a Masterpiece Policy from S J Abrams & Company in Lincolnwood, Illinois covering their home in Ogden Dunes, Porter County, Indiana and its contents. On July 26, 1999, an explosion and fire destroyed the Levys' home and its contents. The Levys submitted a claim for loss under the insurance policy. On September 1, 2000, Great Northern denied the Levys' claim and filed a complaint against the Levys in the Northern District of Indiana seeking a declaration that Great Northern was not required to provide coverage under the Levys' insurance policy because the Levys breached the policy. According the Great Northern, the Levys breached the policy because they intentionally caused the fire and intentionally concealed and misrepresented material facts when presenting their claim. The Levys subsequently filed suit in this Court seeking damages for breach of contract and for tortious breach of duty to deal in good faith. The Levys moved to dismiss the Indiana action, and on November 27, 2000 the Northern District of Indiana granted the Levys' motion to dismiss stating that the case was filed only to

preempt the Levys' suit and that the suit was valueless in light of the Levys' suit in this court.

## DISCUSSION

### Chubb Corporation's Motion to Dismiss

The Chubb Corporation moves to dismiss the case for lack of personal jurisdiction, insufficiency of process, and failure to state a claim. FED. R. CIV. P. 12(b)(2), (4), (6). The Levys have the burden of demonstrating that the court has personal jurisdiction over the Chubb Corporation. In addition, the allegations in the Levys' complaint concerning jurisdiction are to be taken as true unless controverted by the defendant's affidavits, and any conflicts in the affidavits are to be resolved in the Levys' favor. *Integrated Business Information Svc., Ltd. v. Dun & Bradstreet Corp.*, 714 F. Supp. 296, 299 (N.D. Ill. 1989).

A federal court exercising diversity jurisdiction has personal jurisdiction over a nonresident party only if an Illinois state court would have jurisdiction. *RAR, Inc. v. Turner Diesel, Ltd.*, 107 F.3d 1272, 1275 (7th Cir. 1997). A nonresident may be sued in Illinois if jurisdiction is permitted under the Illinois long arm statute and the due process minimum contacts requirement is satisfied. The Illinois long arm statute authorizes jurisdiction on any basis permitted under the Illinois Constitution and the Constitution of the United States. 735 ILCS 5/2-209(c). The long arm statute enumerates certain acts that subject a defendant to personal jurisdiction, and it permits the exercise of jurisdiction

over claims arising out of the defendant's transaction of business or commission of a tort in Illinois. 735 ILCS 5/2-209(a)(1). The statute further permits jurisdiction over a corporation "doing business" in Illinois. 735 ILCS 5/2-209(b)(4). Specific jurisdiction refers to jurisdiction over a defendant in a suit "arising out of or related to the defendant's contacts with the forum." *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 fn. 8, 104 S. Ct. 1868 (1984). General jurisdiction is for suits that neither arise out of nor are related to the defendant's contacts and is permitted only where the defendant has "continuous and systematic general business contacts" with the forum. *Id.* at 416, 104 S. Ct. at 1868.

Furthermore, federal due process requires minimum contacts with the forum state "such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S. Ct. 154, 158 (1945). The requisite minimum contacts have been defined as "some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475, 105 S. Ct. 2174, 2183 (1985).

First, Chubb Corporation argues that has not engaged in any of the acts alleged in the Complaint, and therefore, jurisdiction cannot be based on sections (a) and (f) of the long arm statute.

Second, Chubb Corporation argues it is not subject to jurisdiction for "doing business" in the state because it is not doing any insurance business within the state and because its status as a parent corporation to Federal Insurance Company, which is the parent to Great Northern, does not subject it to jurisdiction. Third, Chubb Corporation argues that it is not subject to jurisdiction under the catch-all provision under either a specific or general jurisdiction analysis.

The Levys argue that the Court has specific jurisdiction over Chubb Corporation because it has purposely availed itself of this jurisdiction by placing its product, the Masterpiece policy, into the Illinois stream of commerce. According to the Levys, they purchased the policy through a "Chubb" agent in Illinois, the policy lists a "Chubb" affiliated entity as the insurer, the policy contains repeated references to "Chubb," the policy is signed by the "Chubb" family of companies and Chubb's Chairman and Chief Executive Officer, and they paid the premiums to "Chubb" which negotiated the checks. Further, the Levys point to the amount of money Chubb derived from premiums from the Masterpiece policy, and that Mr. Roy Lamprich, Jr, an investigator for the Chubb Group of Insurance Companies, investigated the case after the fire.

In response, the Chubb Corporation argues that the Levys are improperly equating the Chubb Corporation with the Chubb Group of Insurance Companies and with Chubb Corporation's subsidiaries, including Great Northern. In an affidavit from Henry G. Gulick,

the Vice President and Secretary of the Chubb Corporation, he states that the Chubb Corporation is a holding company that is incorporated in New Jersey and has its principal place of business also in New Jersey. Gulick states that the Chubb Corporation did not issue the policy of insurance at issue in this case; it is not licensed to engage in the business of insurance; it does not issue policies, collect premiums or other consideration for insurance contracts; and it does not transact any insurance business in Illinois. In addition, Gulick avers that Chubb Corporation does not regularly transact or conduct any other business in Illinois. Gulick asserts that Great Northern Insurance Company is a stock insurance company, and it is a wholly owned subsidiary of Federal Insurance Company, which is a wholly owned subsidiary of Chubb Corporation. Further, Gulick asserts that the Chubb Group of Insurance Companies is not a firm or corporation but instead refers to several separately incorporated and separately capitalized insurance companies that have common ownership. (Exh. A to Chubb Corporation's Motion to Dismiss.) The Chubb Corporation also points to its Annual Report which lists Great Northern Insurance Company as a subsidiary of Chubb Corporation.

The Chubb Corporation points to several of the documents in the record that demonstrate that the Chubb Corporation did not issue this policy. The Levys' policy states in several places that it was issued by Great Northern, the investigator who investigated the Levys' claim was an employee of Chubb and Son, which is a

division of Federal Insurance Company, the managing agent for Great Northern, and the letter denying coverage was signed by a representative of Chubb & Son, which is a division of the Federal Insurance Company, and contains no reference to the Chubb Corporation.

To the extent that the Levys rely on the website, *www.chubb.com*, it does not create specific jurisdiction over the Chubb Corporation. The website refers to the Chubb Group of Insurance Companies which is copyrighted by Chubb & Son, a division of the Federal Insurance Company. The website cannot serve as a basis for specific jurisdiction because there are no allegations that the Levys used the website or that it is in any way involved in this suit. *See LaSalle*, 85 F. Supp. 2d at 860-61, *citing Helicopteros*, 861 466 U.S. at 416, 104 S. Ct. 1868 (the claims in the complaint must relate to, or arise out of, the contacts with the forum.) Thus, the Levys have not demonstrated that this Court has specific jurisdiction over the Chubb Corporation.

The Levys also claim that the Court has general jurisdiction over the Chubb Corporation because it has systematically and continuously maintained business contacts in Illinois. The Levys have several bases for this argument. First, they argue that the Chubb Corporation's 1999 Annual Report states that Chubb "stands among the largest insurers in the United States and the world" and that the Annual Report indicates that the Chubb Corporation has collected billions of dollars in premiums. Second, the Levys argue

that the Chubb Corporation maintains a website where it advertises its products, allows users to find Chubb agents, and allows policy holders to report claims. Third, the Levys argue that the actions of the Chubb Corporation's affiliates in Illinois confer jurisdiction.

First, the Levys' reference to one line of the Chubb Corporation's Annual report is not sufficient to confer personal jurisdiction, and furthermore, personal jurisdiction is based on "actual evidence of control . . . rather than on a corporation's general descriptions." *LaSalle Nat'l Bank v. Vitro, Sociedad Anonima*, 85 F. Supp. 2d 857, 865 (N.D. Ill. 2000). Second, the Levys' argument based on the website faces the same problem, and furthermore, the Levys have not cited any cases where a court found general jurisdiction based on a website. *See LaSalle Nat'l Bank*, 85 F. Supp. 2d at 862. Third, the Levys make a bare bones argument that courts "should exercise jurisdiction over the parent when its affiliated entities are conduits or agent for the corporation's sale of goods in the chosen forum" and argue that the presence of Chubb subsidiaries in Illinois subjects the Chubb Corporation to this Court's jurisdiction. The Levys' argument is based solely an assertion that "the purpose of Great Northern and other affiliates of Chubb is to sell Chubb products." (Levys' Resp. at 12.) Illinois courts exercise jurisdiction over parent companies based on the activities of a subsidiary where the corporate veil can be pierced or where all the corporate formalities are observed but the

subsidiary's only purpose is to conduct the business of the parent. *See Central States v. Reimer Express World Corp.*, 230 F.3d 934, 940 (7th Cir. 2000).

The Levys have not, however, articulated how the Chubb Corporation has control over Great Northern nor controverted the Chubb Corporation's affidavit stating that it is a holding company, it is not licensed to engage in the business of insurance, and it maintains separate books and records from Great Northern. While the Chubb Corporation's declarations are somewhat self-serving, it does not appear that the Chubb Corporation exercises the requisite control over its subsidiaries in Illinois. *See Integrated Business*, 714 F. Supp. at 300-301. Further, even if the Chubb Corporation were acting in some administrative capacity for its subsidiaries Great Northern, Federal Insurance Company, or Chubb and Son, a corporate parent, especially a holding company, may do so without triggering personal jurisdiction. *Integrated Business*, 714 F. Supp. 299-301.

Based on the affidavit submitted by the Chubb Corporation and all of the other evidence in the record, the Levys have not demonstrated that the court has personal jurisdiction over the Chubb Corporation. The Chubb Corporation's motion pursuant to FED. R. CIV. P. 12(b)(2) is granted, and the remainder of the Chubb Corporation's motions are moot.

**Great Northern's Motion to Transfer**

Section 1404(a) permits a district court to transfer a case to another federal court where the case could have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). There are three elements for a valid transfer pursuant to § 1404(a): (1) venue must be proper in the transferor court; (2) venue must be proper in the transferee court; and (3) the transfer must be for the convenience of the parties and witnesses, and in the interest of justice. *Avesta Sheffield, Inc. v. Olympic Continental Resources,* No. 99 C. 7647, 2000 WL 198462, at *5 (N.D. Ill. Feb. 14, 2000). Venue should be transferred "only if there is a clear balance of inconvenience in the transferor district," *id.*, and it is the party requesting a transfer who bears the burden to demonstrate that the transferee forum is clearly more convenient. *Heller Financial, Inc. v. Midwhey Powder Co.,* 883 F.2d 1286, 1293 (7th Cir. 1989); *Coffey v. Van Dorn Iron Works,* 796 F.2d 217, 219-20 (7th Cir. 1986). Here, the parties agree that the first two requirements of § 1404(a) are met but dispute the third requirement.

When deciding whether the transfer is for the convenience of the parties and witness, courts consider: (1) the plaintiff's choice of forum; (2) the site of material events; (3) the relative ease of access to sources of proof; (4) the convenience of the witnesses; and (5) the convenience to the parties of litigating in the respective forums. *North Shore Gas Co. v. Salomon, Inc.,* 896

F. Supp. 786, 791 (N.D. Ill. 1995). In addition, some courts in this jurisdiction have noted that § 1404(a) should not be invoked for transfer between courts separated by a short and easily traveled distance. *Morris v. Genmar Indus., Inc.* No. 91 C 5212, 1993 WL 217246, *6 (N.D. Ill. June 18, 1993); *Peterson v. United States Steel Corp.*, 624 F. Supp. 44, 46 (N.D. Ill. 1985).

A plaintiff's choice of forum typically is granted substantial weight under § 1404(a). *Avesta Sheffield,* 2000 WL 198462 at *6. Some courts have held that a plaintiff's choice is given less weight when the plaintiff does not reside in the chosen forum. See *Hoeck v. Trans World Airlines, Inc.,* 947 F. Supp. 373, 375 (N.D. Ill. 1996). Other courts have given plaintiff's choice of forum substantial weight as long as the choice of forum has significant contacts with the claim. See *Coolsavings.com, Inc. v. IQ Commerce Corp.,* 53 F. Supp. 2d 1000, 1005 (N.D. Ill. 1999); *Advertising to Women, Inc. v. Gianni Versace S.p.A.,* No. 98 C 1553, 1998 WL 378419, at *2 (N.D. Ill. July 1, 1998). Here, the Levys reside in Indiana, and the case has connections to both Illinois and Indiana. Thus, this factor does not favor transfer.

Regarding the second factor, Great Northern argues that the site of material events strongly favors Indiana because the insured property was in Indiana and the fire and investigation of the fire were in Indiana. In response, the Levys argue that the material events took place in Illinois because they purchased the insurance contract from a Great Northern agent in Illinois, they submitted

- 11 -

their claims for the loss in Illinois, and the investigation and decision to deny coverage were primarily made in Illinois. Both of these arguments have merit, and thus, the second factor does not strongly favor transfer. Regarding the third factor, the access to the source of proof, the relevant documents are currently in Illinois, but they could easily be transferred. Thus, the Court does not place significant weight on this factor.

The fourth factor, the convenience for the witness, is the most important factor in the transfer balance. *Avesta Sheffield*, 2000 WL 198462, at *6. When analyzing this factor, courts look to the nature and quality of the witnesses' testimony with respect to issues and not just the sheer number of witnesses at each venue. *Vandeveld v. Christoph*, 877 F. Supp. 1160, 1167 (N.D. Ill. 1995). The court should also consider whether the witnesses are subject to compulsory process and the cost to obtain attendance of willing witnesses. *Avesta Sheffield*, 2000 WL 198462, at *6.

As expected, the parties dispute what the true issues are in this case, which affects the identity and importance of the witnesses. Great Northern argues that the primary issue is "whether the Levys caused or procured the explosion and fire that destroyed their house." (Great Northern's Brief, at 2.) On the other hand, the Levys argue that the issue for trial is "whether defendants breached the Policy entered into in Illinois and whether defendants' actions taken in Illinois and New Jersey regarding

denial of the Levys' claim were made in bad faith." (Levys' Resp., at 7.)

A party seeking transfer must not only identify the witnesses to be called but must proffer a general statement of their testimony. *Heller Financial*, 883 F.2d at 1293 (movant required to "clearly specify the key witnesses to be called and make at least a generalized statement of what their testimony would have included"); *Arena Football League, Inc. v. Roemer*, 947 F. Supp. 337, 341 (N.D. Ill. 1996)(party seeking transfer must "list key witnesses to be called and describe their testimony"); *Avesta Sheffield*, 2000 WL 198462, at *6; *Vandeveld*, 877 F. Supp. at 1167. Great Northern argues that numerous witnesses are located in the Northern District of Indiana which favors transfer for the convenience of these witnesses. Great Northern's description of its witnesses' potential testimony, however, is at best vague, and it appears that many of the twenty plus listed witnesses would give duplicative testimony. The Levys argue that Great Northern has not described the testimony of its potential witnesses and that the majority of the witnesses actually relevant to the issues in this case, which include the insurance investigators, the decision makers on the Levys' claim for insurance, and the accountants, reside and work in Illinois. This is not a case where there is a huge geographical distance between the two forums. While Great Northern argues that certain witnesses "might" be outside of the subpoena power of this court, it does not identify any such

witnesses or describe their testimony. In any event, there is no evidence that any of the witnessed mentioned by Great Northern fall outside the subpoena power of this court. Thus, this factor does not clearly favor transfer. Regarding the fifth factor, the convenience to the parties, it does not seem that either venue would be very inconvenient for either party.

The Court must also address the public, interests of justice factors that focus on the efficient administration of the court system rather than the private considerations of the litigants. These factors include such concerns as the relation of the community to the occurrence at issue, ensuring speedy trials, trying related litigation together, and having a judge who is familiar with the applicable law. *Coffey*, 796 F.2d at 219.

Great Northern argues that there is a strong public interest in trying the case in Indiana because Indiana regulates claim practices of insurance companies insuring property in Indiana and that local residents have an interest in how Indiana law is applied this type of situation. Great Northern also argues that Indiana residents have an interest in deciding whether one of their own residents started the fire or whether a hate group started the fire. In response, the Levys argue that Great Northern improperly shifts the emphasis to its own defenses in this case and that Illinois residents have an interest in whether insurance companies that do business in Illinois honor those policies, pay on claims,

and perform their investigations in good faith. This factor does not seem to favor either side.

Next, the median time from filing to disposition of a civil case in the Northern District of Illinois is six months compared to eight months in the Northern District of Indiana, while the median time from filing to trial in a civil case is twenty-eight months in the Northern District of Illinois compared to twenty-two months in the Northern District of Indiana. *See 1999 Federal Court Management Statistics*, at 101, 104. Thus, it appears that the case may go to trial more quickly in Indiana but reach a quicker resolution in Illinois. This factor also does not favor transfer. Further, the Northern District of Indiana has already dismissed Great Northern's declaratory judgment suit. Thus, there is no interest in trying related litigation together, and this factor does not favor transfer.

Last, Great Northern argues that Indiana law applies, and the Levys have not disputed that in their briefs. While Great Northern points out that there are some differences between Indiana law and Illinois contract and tort law, it does not argue that it is so unique to be beyond the comprehension of this Court. The fact that another state's substantive law may apply is not dispositive of this motion. *Tinghitella v. D and K Financial Corp.*, No. 92 C 5750, 1992 WL 350665, at *2 (N.D. Ill. Nov. 24, 1992) (fact that Wisconsin substantive law governed the rights and liabilities of

the parties did not warrant transfer). In any event, this factor weighs in favor of transfer.

While Great Northern has presented some arguments that do favor transfer of this case, the Court does not find that Great Northern has not met its burden of demonstrating that transfer to the Northern District of Indiana is clearly more convenient.

## CONCLUSION

For the foregoing reasons, the Chubb Corporation's motion to dismiss pursuant to FED. R. CIV. P. 12(b)(2) is granted, and its other motions are moot. Furthermore, Great Northern's Motion to Transfer pursuant to 28 U.S.C. § 1404(a) is denied.

**IT IS SO ORDERED.**

_____
Harry D. Leinenweber, Judge
United States District Court

Date: February 28, 2001